# EXHIBIT A



**FAX FILE**

1 | **JACOBY & MEYERS ATTORNEYS LLP**
JAKE DOUGLASS, State Bar No. 290074
2 |   *jdouglass@jacobyandmeyers.com*
BABKEN SARAFYAN, State Bar No. 333438
3 |   *bsarafyan@jacobyandmeyers.com*
JUBIN J. NIAMEHR, State Bar No. 266794
4 |   *jn@jacobyandmeyers.com*
10900 Wilshire Boulevard, 15th Floor
5 | Los Angeles, California 90024
Telephone: (310) 312-3300
6 | Facsimile: (310) 715-8331

7 | Attorneys for LUCINDA NIEVES

**FILED**
ALAMEDA COUNTY

MAY 28 2021

CLERK OF THE SUPERIOR COURT
By _____
          Deputy

8 | ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | ## COUNTY OF ALAMEDA – HAYWARD HALL OF JUSTICE

10 |

11 | Lucinda Nieves, an individual;

12 |     Plaintiff,

13 | vs.

14 | Costco Wholesale Corporation dba Costco Wholesale, a Washington corporation; Kari
15 | Shields, an individual; and Does 1 through 100, inclusive;

16 |

17 |     Defendants.

Case No.: **RG 21101470**

**COMPLAINT FOR DAMAGES FOR**

1. **NEGLIGENCE;**
2. **PREMISES LIABILITY**

**DEMAND FOR JURY TRIAL**

18 |

19 |     COMES NOW Plaintiff LUCINDA NIEVES, an individual, who complains and alleges as
20 | follows:

21 |     1.    Plaintiff LUCINDA NIEVES (hereinafter, "NIEVES" or "Plaintiff") is, and at all
22 | relevant times was, a resident of Union City, County of Alameda, State of California.

23 |     2.    Plaintiff is informed and believes, and thereupon alleges that at all times mentioned
24 | herein, Defendant COSTCO WHOLESALE CORPORATION, dba COSTCO WHOLESALE
25 | ("COSTCO"), is a Washington corporation with its principal place of business in Issaquah,
26 | Washington.

27 |     3.    Plaintiff is informed and believes, and thereupon alleges that at all times mentioned
28 | herein, Defendant KARI SHIELDS ("SHIELDS") resides in the City of Hayward, County of

-1-

PLAINTIFF'S COMPLAINT FOR DAMAGES

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

1  Alameda, State of California.

2      4.     Plaintiff is informed and believes, and thereupon alleges that at all times mentioned

3  herein, Defendants COSTCO, SHIELDS and DOES 1 through 100, inclusive (collectively, the

4  "Defendants") operate and manage a Costco Wholesale warehouse located at 28505 Hesperian

5  Boulevard, Hayward, CA 94545.

6      5.     The true names and capacities, whether individual, plural, corporate, partnership,

7  associate or otherwise of DOES 1 through 100, inclusive, are presently unknown to Plaintiff, who

8  therefore sues said Defendants by such fictitious names. The full extent of the facts linking such

9  factiously sued Defendants with the causes of action alleged herein is unknown to Plaintiff.

10  Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated

11  herein as a DOE was and is negligently, carelessly, recklessly, unlawfully, tortiously, wantonly,

12  wrongfully, illegally, or in some other actionable matter, responsible for the events and

13  happenings hereinafter referred to, and thereby negligently, carelessly, recklessly, unlawfully,

14  tortiously, wantonly, wrongfully, and illegally proximately caused the hereinafter described

15  injuries and damages to Plaintiff.  Plaintiff will later file an amendment to this Complaint or seek

16  leave of Court to amend this Complaint to show Defendants' true names and capacities after the

17  same has been ascertained.

18      6.     Plaintiff is informed and believes, and thereupon alleges, that at all times

19  mentioned herein, Defendants, and each of them, including DOES 1 through 100, inclusive, and

20  each of them, were agents, servants, employees and joint venturers of each other, and were, as

21  such, acting within the course, scope and authority of said agency, employment and joint venture,

22  and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the

23  selection and hiring of each and every Defendant as an agent, employee, contractor, subcontractor

24  and joint venture, and that each Defendant, by and through its officers, officials, directors,

25  managers, supervisors and/or managing agents, authorized, ratified and otherwise approved the

26  acts of the remaining Defendants, and that said officers, directors, or managing agents participated

27  in said acts with the Defendants, including DOES 1 through 100, inclusive, and each of them.

28  / / /

-2-

PLAINTIFF'S COMPLAINT FOR DAMAGES

**GENERAL ALLEGATIONS**

7.     Plaintiff is informed and believes and thereupon alleges that Defendants COSTCO, SHIELDS and DOES 1 through 100, inclusive, and each of them, used, owned, leased, occupied, operated, maintained, designed, installed, built, managed, supervised, inspected and/or otherwise controlled a Costco Wholesale warehouse located at 28505 Hesperian Boulevard, Hayward, CA 94545 (hereinafter, the "PREMISES").

8.     Defendants COSTCO, SHIELDS and DOES 1 through 100, inclusive, and each of them, failed to use, own, lease, occupy, operate, maintain, design, install, build, manage, supervise, inspect and/or otherwise control the PREMISES in a safe manner.

9.     On or about June 1, 2019, Defendants COSTCO, SHIELDS and DOES 1 through 100, inclusive, and each of them, so negligently used, owned, leased, occupied, operated, maintained, designed, installed, built, managed, supervised, inspected and/or otherwise controlled the PREMISES that unsafe and dangerous conditions were created which led to an incident wherein Plaintiff was injured while at the PREMISES and suffered severe bodily harm.

10.     To wit, on June 1, 2019, Plaintiff was lawfully at and upon the PREMISES when she was caused to slip and fall as a result of the dangerous conditions of the PREMISES, including but not limited to trip/slip hazards, inadequate signage, inadequate floors, failure to warn of dangerous conditions, and/or obstructions Specifically, while Plaintiff was shopping at or near the produce section, she suddenly and unexpectedly came into contact with a slippery substance on the floor, causing her to fall. Plaintiff was injured as a direct and proximate result of encountering the unsafe and dangerous conditions that existed at Defendants' PREMISES.

11.     As a proximate result of the conduct of Defendants COSTCO, SHIELDS and DOES 1 through 100, inclusive, and each of them, Plaintiff sustained losses in an amount to be determined at trial, including but not limited to, physical injuries to her body requiring medical treatment and care, physical pain and mental suffering, loss of earnings and the capacity to maintain gainful employment, among other general and special damages in an amount to be determined according to proof.

///

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

-3-

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

**JURISDICTION AND VENUE**

12.     Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, Defendants are residents of the State of California and/or do business in the State of California.

13.     This Court has jurisdiction pursuant to California *Code of Civil Procedure* §410.10.

14.     Venue is proper in this Court pursuant to California *Code of Civil Procedure* §395 because Plaintiff sustained the personal injuries complained of in Hayward, Alameda County.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(As Against All Defendants)**

15.     Plaintiff re-alleges and incorporates by reference each and every allegation above as though fully set forth in detail herein.

16.     Defendants COSTCO, SHIELDS and DOES 1 through 100, inclusive, and each of them, owed a duty to Plaintiff to exercise reasonable care and skill to avoid causing harm to Plaintiff and other similarly situated persons. Defendants, and each of them, had a duty to use reasonable care to discover any unsafe conditions on the PREMISES and to repair, replace, or give adequate warning of anything that could reasonably be expected to harm others.

17.     Defendants COSTCO, SHIELDS and DOES 1 through 100, inclusive, and each of them, breached that duty of care by negligently and carelessly managing, operating, inspecting, controlling, supervising and/or maintaining the PREMISES. Defendants knew or should have known that the dangerous conditions were present and/or Defendants (and/or their employees or agents) created such conditions. Defendants failed to take reasonable steps to repair, replace, or give adequate warning of the dangerous and unsafe conditions of the PREMISES, which Defendants, and each of them, created or otherwise failed to repair despite reasonable time and opportunity to take corrective action. Specifically, while Plaintiff was shopping at or near the produce section, she suddenly and unexpectedly came into contact with a slippery substance on the floor, causing her to fall. Plaintiff was injured as a direct and proximate result of encountering the unsafe and dangerous conditions that existed at Defendants' PREMISES.

-4-

18. Defendants' breach of their duty of care was a legal cause of, and a substantial factor in, Plaintiff's harm and damages as alleged herein.

19. As a legal, direct and proximate result of the aforementioned conduct of Defendants COSTCO, SHIELDS and DOES 1 through 100, inclusive, and each of them, Plaintiff LUCINDA NIEVES was injured and hurt in her health, strength and activity, sustaining serious injuries to her body, and shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great physical and mental pain and suffering. Plaintiff is further informed and believes, and thereon alleges, that said injures will result in some or all permanent disability to her, all to her general damage in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* Section 425.10.

20. As a legal, direct and proximate result of the aforementioned conduct of Defendants COSTCO, SHIELDS and DOES 1 through 100, inclusive, and each of them, Plaintiff LUCINDA NIEVES was prevented from attending her usual or potential occupation and/or Plaintiff is informed and believes, and thereon alleges, that she may be prevented from attending her occupation in the future, and thereby will also sustain a loss of earning capacity and loss of opportunity, in addition to lost earnings, past, present and future according to proof, pursuant to California *Code of Civil Procedure* Section 425.10

21. As a legal, direct and proximate result of the aforementioned conduct of Defendants COSTCO, SHIELDS and DOES 1 through 100, inclusive, and each of them, Plaintiff LUCINDA NIEVES was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses. Plaintiff is further informed and believes, and thereon alleges, that by reason of her injuries, she will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California *Code of Civil Procedure* Section 425.10.

///

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

## SECOND CAUSE OF ACTION

## PREMISES LIABILITY

### (As Against COSTCO, SHIELDS and DOES 1 through 100)

22.     Plaintiff re-alleges and incorporates by reference each and every allegation above as though set forth in full detail herein.

23.     COSTCO, SHIELDS and DOES 1 through 100, inclusive, and each of them, including without limitation their vendors, agents, employees, co-workers and others, used, owned, leased, occupied, operated, maintained, designed, installed, built, managed, supervised, inspected and/or otherwise controlled the PREMISES.

24.     Defendants, and each of them, had a duty to use reasonable care to keep the PREMISES in a reasonably safe condition for use by Plaintiff and others similarly situated. Defendants, and each of them, had a duty to use reasonable care to discover any unsafe conditions on the PREMISES and to repair, replace, or give adequate warning of anything that could reasonably be expected to harm others.

25.     Defendants, and each of them, breached their above-described duties and failed to use reasonable care to protect Plaintiff and others similarly situated form the harm caused by the dangerous and unsafe conditions that existed at the PREMISES. Defendants knew or should have known that the dangerous conditions were present and/or Defendants (and/or their employees or agents) created such conditions. Defendants failed to take reasonable steps to repair, replace, or give adequate warning of the dangerous and unsafe conditions of the PREMISES, which Defendants, and each of them, created or otherwise failed to repair despite reasonable time and opportunity to take corrective action. Specifically, while Plaintiff was shopping at or near the produce section, she suddenly and unexpectedly came into contact with a slippery substance on the floor, causing her to fall. Plaintiff was injured as a direct and proximate result of encountering the unsafe and dangerous conditions that existed at Defendants' PREMISES.

26.     The above-described conditions created an unreasonable risk of harm which Defendants and each of them, knew about, either because the Defendants created the condition or because Defendants, in the exercise of reasonable care, should have discovered through

PLAINTIFF'S COMPLAINT FOR DAMAGES

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

1    reasonable, periodic inspections of the property.

2        27.    Defendants' breach of their duty of care was a legal cause of, and a substantial

3    factor in, Plaintiff's harm and damages as alleged herein.

4        28.    As a legal, direct and proximate result of the aforementioned conduct of

5    Defendants COSTCO, SHIELDS and DOES 1 through 100, inclusive, and each of them, Plaintiff

6    LUCINDA NIEVES was injured and hurt in her health, strength and activity, sustaining serious

7    injuries to her body, and shock and injury to her nervous system and person, all of which said

8    injuries have caused and continue to cause Plaintiff great physical and mental pain and suffering.

9    Plaintiff is further informed and believes, and thereon alleges, that said injures will result in some

10   or all permanent disability to her, all to her general damage in an amount which will be stated

11   according to proof, pursuant to California *Code of Civil Procedure* Section 425.10.

12       29.    As a legal, direct and proximate result of the aforementioned conduct of

13   Defendants COSTCO, SHIELDS and DOES 1 through 100, inclusive, and each of them, Plaintiff

14   LUCINDA NIEVES was prevented from attending her usual or potential occupation and/or

15   Plaintiff is informed and believes, and thereon alleges, that she may be prevented from attending

16   her occupation in the future, and thereby will also sustain a loss of earning capacity and loss of

17   opportunity, in addition to lost earnings, past, present and future according to proof, pursuant to

18   California *Code of Civil Procedure* Section 425.10

19       30.    As a legal, direct and proximate result of the aforementioned conduct of

20   Defendants COSTCO, SHIELDS and DOES 1 through 100, inclusive, and each of them, Plaintiff

21   LUCINDA NIEVES was compelled to and did employ the services of hospitals, physicians,

22   surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical,

23   professional and incidental expenses. Plaintiff is further informed and believes, and thereon

24   alleges, that by reason of her injuries, she will necessarily incur additional like expenses for an

25   indefinite period of time in the future, the exact amount of which expenses will be stated

26   according to proof, pursuant to California *Code of Civil Procedure* Section 425.10.

27   ///

28   ///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

1.      For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental and emotional pain and suffering and disfigurement, in an amount in excess of the jurisdictional minimum, according to proof;

2.      For special damages (also known as non-economic damages), including but not limited to, past and future medical expenses, past and future professional expenses, past and future loss of wages and wage earning capacity, past and future medical and rehabilitative expenses, and incidental expenses, in excess of the jurisdictional minimum, according to proof;

3.      For prejudgment interest and pre-trial interest, according to proof;

4.      For cost of suit incurred herein, according to proof;

5.      For damages for Plaintiff's other losses, according to proof;

6.      For all statutorily allowed damages; and

7.       For such other and further relief as the Court may deem just and proper.

Dated: May 28, 2021

JACOBY & MEYERS ATTORNEYS LLP

By: _____
JAKE DOUGLASS
BABKEN SARAFYAN
Attorneys for Plaintiff

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

-8-

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues triable by jury.

Dated: May 28, 2021                                  JACOBY & MEYERS ATTORNEYS LLP

By: _____

JAKE DOUGLASS
BABKEN SARAFYAN
Attorneys for Plaintiff

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

-9-

1 │ ARTHUR J. CASEY [SBN 123273]
  │ FORD, WALKER, HAGGERTY & BEHAR, LLP
2 │ 16450 Los Gatos Blvd., Suite 110
  │ Los Gatos, CA 95032
3 │ Tel:    (408) 660-3102
  │ Fax:    (408) 660-3105
4 │ Email: acasey@fwhb.com

5 │ Attorneys for Defendant
  │ COSTCO WHOLESALE CORPORATION
6 │

**ENDORSED**
**FILED**
ALAMEDA COUNTY
SEP 2 1 2021

CLERK OF THE SUPERIOR COURT
By Alex R. Kosenko Jr, Deputy

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF ALAMEDA

10

11 │ LUCINDA NIEVES,                          │ Case No. RG21101470

12 │                  Plaintiff,              │

13 │       vs.                                │ **ANSWER TO COMPLAINT**

14 │ COSTCO WHOLESALE CORPORATION, dba        │
15 │ Costco Wholesale, a Washington Corporation; │
   │ Kari Shields, an individual; and DOES 1  │
16 │ through 100, inclusive,                  │

17 │

18 │                  Defendant.             │

19       COMES NOW Defendant, COSTCO WHOLESALE CORPORATION ("Defendant"), and in

20 answer to the Complaint of Plaintiff LUCINDA NIEVES ("Plaintiff") on file herein, admits, denies,

21 and alleges as follows:

22                                    I.

23       Answering all causes of action pled by the above-named plaintiff, this answering defendant,

24 pursuant to Code of Civil Procedure § 431.30, denies, both generally and specifically, every material

25 allegation, including the damage allegations, in every cause of action alleged.

26                          **AFFIRMATIVE DEFENSES**

27       AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, this

28 answering defendant believes and thereon alleges that plaintiff was careless and negligent in and about

---
1

ANSWER TO COMPLAINT                                                    Case No RG21101470

Jacoby & Meyers Attorneys LLP
Attn: Sarafyan, Babken
10900 Wilshire Boulevard
15th Floor
Los Angeles, CA   90024

## Superior Court of California, County of Alameda

| | |
|---|---|
| Nieves | No. <u>RG21101470</u> |
| **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT** |
| VS. | **CONFERENCE AND ORDER** |
| Costco Wholesale Corporation | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: **11/04/2021**<br>Time: **03:00 PM** | Department: **15**<br>Location: **Administration Building**<br>**Third Floor**<br>**1221 Oak Street, Oakland  CA  94612**<br><br>Internet: **www.alameda.courts.ca.gov** | Judge: **Evelio Grillo**<br>Clerk: **Pamela Drummer-Williams**<br>Clerk telephone: **(510) 267-6931**<br>E-mail:<br>**Dept15@alameda.courts.ca.gov**<br>Fax: |

### ORDERS

1. **Plaintiff** must:

    a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

    b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

    a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

    b. **File and serve** a completed *Case Management Statement* on Form CM-110  at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

    c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference.  Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery.  Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration.  Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/14/2021.

By

_____
Deputy Clerk

1 | ARTHUR J. CASEY [SBN 123273]
FORD, WALKER, HAGGERTY & BEHAR, LLP
2 | 16450 Los Gatos Blvd., Suite 110
Los Gatos, CA 95032
3 | Tel:    (408) 660-3102
Fax:    (408) 660-3105
4 | Email: acasey@fwhb.com

5 | Attorneys for Defendant
COSTCO WHOLESALE CORPORATION
6 |

7 |

**ENDORSED
FILED
ALAMEDA COUNTY
SEP 2 1 2021**

**CLERK OF THE SUPERIOR COURT
By Alex R. Kosenko Jr, Deputy**

8 |   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |   COUNTY OF ALAMEDA

10 |

11 | LUCINDA NIEVES,                              Case No. RG21101470

12 |                Plaintiff,
                                             **ANSWER TO COMPLAINT**
13 |     vs.

14 | COSTCO WHOLESALE CORPORATION, dba
15 | Costco Wholesale, a Washington Corporation;
Kari Shields, an individual; and DOES 1
16 | through 100, inclusive,

17 |

18 |                Defendant.

19 |      COMES NOW Defendant, COSTCO WHOLESALE CORPORATION ("Defendant"), and in

20 | answer to the Complaint of Plaintiff LUCINDA NIEVES ("Plaintiff") on file herein, admits, denies,

21 | and alleges as follows:

22 |                                    I.

23 |      Answering all causes of action pled by the above-named plaintiff, this answering defendant,

24 | pursuant to Code of Civil Procedure § 431.30, denies, both generally and specifically, every material

25 | allegation, including the damage allegations, in every cause of action alleged.

26 |                        **AFFIRMATIVE DEFENSES**

27 |      AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, this

28 | answering defendant believes and thereon alleges that plaintiff was careless and negligent in and about

1

1  ARTHUR J. CASEY [SBN 123273]
   FORD, WALKER, HAGGERTY & BEHAR, LLP
2  16450 Los Gatos Blvd., Suite 110
   Los Gatos, CA 95032
3  Tel:   (408) 660-3102
   Fax:   (408) 660-3105
4  Email: acasey@fwhb.com

5  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION
6

7

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**
SEP 2 1 2021

CLERK OF THE SUPERIOR COURT
By Alex R. Kosenko Jr, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11  LUCINDA NIEVES,                          Case No. RG21101470

12                Plaintiff,
                                            **REQUEST FOR JURY TRIAL AND**
13        vs.                               **NOTICE OF DEPOSIT OF JURY FEES**

14  COSTCO WHOLESALE CORPORATION, dba
15  Costco Wholesale, a Washington Corporation;
    Kari Shields, an individual; and DOES 1 through
16  100, inclusive,

17
                  Defendant.
18

19

20        TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA, AND TO

21  PLAINTIFF AND HER ATTORNEY OF RECORD:

22        Pursuant to California *Code of Civil Procedure* § 631, Defendant COSTCO WHOLESALE

23  CORPORATION hereby requests a jury trial in this matter and deposits jury fees in the amount of

24  $150.00.

25  Dated: September 21, 2021            FORD, WALKER, HAGGERTY & BEHAR, LLP

26

27

28                                       By: _____
                                             ARTHUR J. CASEY
                                             Attorney for Defendant
                                             COSTCO WHOLESALE CORPORATION

                                        1

REQUEST FOR JURY TRIAL AND                                    Case No RG21101470
NOTICE OF DEPOSIT OF JURY FEES

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jake Douglass (290074); Babken Sarafyan (333438)<br>JACOBY & MEYERS ATTORNEYS LLP<br>10900 Wilshire Boulevard, 15th Floor<br>Los Angeles, CA 90024 | |

TELEPHONE NO.: (310) 312-3300          FAX NO. *(Optional):* 310-715-8331
E-MAIL ADDRESS *(Optional):* jdouglass@jacobyandmeyers.com
ATTORNEY FOR *(Name):* Plaintiff, Lucinda Nieves

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA**
STREET ADDRESS: 24405 AMADOR STREET
MAILING ADDRESS: 24405 AMADOR STREET
CITY AND ZIP CODE: HAYWARD, CA 95444
BRANCH NAME: SOUTHERN DIVISION

PLAINTIFF/PETITIONER:   Lucinda Nieves,

DEFENDANT/RESPONDENT:   Costco Wholesale Corporation dba Costco Wholesale, a Washingto

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  [x] **UNLIMITED CASE**      [ ] **LIMITED CASE**<br>(Amount demanded         (Amount demanded is $25,000<br>exceeds $25,000)        or less) | RG21101470 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 11/04/2021          Time: 03:00PM     Dept.: 15          Div.:          Room:

Address of court *(if different from the address above):*

[x]  **Notice of Intent to Appear by Telephone, by** *(name):* Jake Douglass, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Plaintiff, Lucinda Nieves
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 5/28/2021
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [x] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [x] have been served but have not appeared and have not been dismissed *(specify names):*
          Kari Shields

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [x] complaint     [ ] cross-complaint     *(Describe, including causes of action):*

Page 1 of 5

**CM-110**

| PLAINTIFF/PETITIONER:   Lucinda Nieves, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Costco Wholesale Corporation dba Costco Wholesale, a Washingto | RG21101470 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

PI incident on 6/01/2019 wherein Plaintiff was a guest in Defendant's Costco Wholesale store when she slipped and fell backwards on a wet slippery substance on the floor. There were no wet floor signs. Injuries sustained: Upper back pain and shoulder pain, Medical Expenses: To Be Determined,  Compensatory Damages: According to Proof,  LOE: To Be Determined

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

a.   The party or parties request  ☒  a jury trial  ☐  a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.   ☐  The trial has been set for  *(date):*

b.   ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.   ☒  days *(specify number):* 5-7 Days

b.   ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒  by the attorney or party listed in the caption  ☐  by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:          f.  Fax number:

e.  E-mail address:          g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel  ☒  has  ☐  has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party  ☐  has  ☐  has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER:   Lucinda Nieves, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Costco Wholesale Corporation dba Costco Wholesale, a Washingtc | RG21101470 |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date):*<br>[ ] Agreed to complete mediation by *(date):*<br>[ ] Mediation completed on *(date):* |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date):*<br>[ ] Agreed to complete settlement conference by *(date):*<br>[ ] Settlement conference completed on *(date):* |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date):*<br>[ ] Agreed to complete neutral evaluation by *(date):*<br>[ ] Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date):*<br>[ ] Agreed to complete judicial arbitration by *(date):*<br>[ ] Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date):*<br>[ ] Agreed to complete private arbitration by *(date):*<br>[ ] Private arbitration completed on *(date):* |
| (6) Other *(specify):* | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date):*<br>[ ] Agreed to complete ADR session by *(date):*<br>[ ] ADR completed on *(date):* |

**CM-110**

| PLAINTIFF/PETITIONER:   Lucinda Nieves, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Costco Wholesale Corporation dba Costco Wholesale, a Washingtc | RG21101470 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes   ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case   *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy   ☐ Other   *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

   (1) Name of case:

   (2) Name of court:

   (3) Case number:

   (4) Status:

   ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial   *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| <u>Party</u> | <u>Description</u> | <u>Date</u> |
|---|---|---|
| Plaintiff | Written Discovery | Completed |
| Plaintiff | Oral Discovery | Winter 2022 |
| Plaintiff | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated   *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Lucinda Nieves, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Costco Wholesale Corporation dba Costco Wholesale, a Washingt | RG21101470 |

## 17. Economic litigation

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

## 18. Other issues

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

## 19. Meet and confer

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

## 20. Total number of pages attached *(if any):*  -0-

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 10/20/2021

Jake Douglass, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

**Page 5 of 5**

**PROOF OF SERVICE - 1013a, 2015.5, 2015 C.C.P.**

**CASE NAME: LUCINDA NIEVES V. COSTCO WHOLESALE CORPORATION, et al.**
**CASE NUMBER: RG21101470**

I am over the age of 18 years, am employed in the aforesaid county and am not a party to the action or proceeding, and my business address is 10900 Wilshire Boulevard, 15th Floor, Los Angeles, California 90024.

On October 20, 2021, I served: **PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT** on the interested parties in the action, as follows:

Arthur J. Casey
Lay Armanino
Jalianna Cisneros
Mariela Nery
**FORD, WALKER, HAGGERTY & BEHAR, LLP**
16450 Los Gatos Blvd., Suite 110
Los Gatos, CA 95032
Tel: (408) 660-3102
Fax: (408) 660-3105
Emails(s): acasey@fwhb.com, mnery@fwhb.com, larmanino@fwhb.com, jcisneros@fwhb.com

___✓___ **BY EMAIL or ELECTRONIC TRANSMISSION.** Pursuant to C.R.C. 2.251(c)(3) and/or an agreement of the parties to accept service by e-mail or electronic transmission in lieu of physical mail delivery, I caused the documents to be electronically sent to the persons at the e-mail addresses and/or facsimile numbers listed above. **The service of documents by electronic means will have the same effect as service by overnight delivery, i.e., two (2) days (see C.C.P. § 1010.6).** In each case, if the sender does not receive a notification that the particular e-mail has failed to be delivered, and/or the sending party receives a confirmation that the facsimile transmission is successful, <u>it shall be assumed that the e-service has been successful and service is deemed complete upon sending by electronic means</u>.   No physical copies will be served.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on the above date, at Los Angeles, California

___✓___ (State) I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

_____ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Sandra Garcia

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* SBN: 123273 | FOR COURT USE ONLY |
|---|---|
| Arthur Casey, Esq.<br>FORD, WALKER, HAGGERTY & BEHAR, LLP<br>16450 Los Gatos Blvd., Suite 110, Los Gatos, CA 95032<br>TELEPHONE NO.: (408) 660-3102    FAX NO. *(Optional)* (408) 660-3105<br>E-MAIL ADDRESS *(Optional)* acasey@fwhb.com<br>ATTORNEY FOR *(Name)*: Defendant, COSTCO WHOLESALE CORPORATION | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS:
CITY AND ZIP CODE: Alameda, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: LUCINDA NIEVES

DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ✓ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>(Amount demanded        (Amount demanded is $25,000<br>exceeds $25,000)        or less) | RG21101470 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: NOVEMBER 4, 2021    Time: 3:00 P.M.    Dept.: 15    Div.:    Room:

Address of court *(if different from the address above)*:

✓ Notice of Intent to Appear by Telephone, by *(name)*: Arthur J. Casey

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ✓ This statement is submitted by party *(name)*: Defendant, COSTCO WHOLESALE CORPORATION
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ✓ complaint ☐ cross-complaint *(Describe, including causes of action)*:
      Personal Injury

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: LUCINDA NIEVES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION | RG21101470 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

 Slip and fall accident occurred on June 1, 2019.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
 The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
 a.  ☐ The trial has been set for *(date):*
 b.  ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

 c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
 TRIALS (2021) 12/06-12/10. (2022) 3/23-3/27;4/1/22;4/11-4/15; 5/6/22;5/9-5/13;5/13- 5/21;5/18;6/6 –6/11; 6/13-6/17;6/20-6/27;7/8-7/13;7/20;8/1-8/5;8/12-8/19;9/13;9/14-9/23;10/11-10/14. (2023) 1/6/23;1/30-2/3

7.  **Estimated length of trial**
 The party or parties estimate that the trial will take *(check one):*
 a.  ☑ days *(specify number):* 5-7
 b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
 The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
 a.  Attorney:
 b.  Firm:
 c.  Address:
 d.  Telephone number:
 e.  E-mail address:
 ☐ Additional representation is described in Attachment 8.
 f.  Fax number:
 g.  Party represented:

9.  **Preference**
 ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

 a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

 (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

 (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

 b.  **Referral to judicial arbitration or civil action mediation** (if available).

 (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

 (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

 (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: LUCINDA NIEVES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION | RG21101470 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| PLAINTIFF/PETITIONER:   LUCINDA NIEVES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   COSTCO WHOLESALE CORPORATION | RG21101470 |

**11. Insurance**
a.  ☑ Insurance carrier, if any, for party filing this statement *(name):* Self-Insured
b.  Reservation of rights:  ☐ Yes  ☐ No
c.  ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy  ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a.  ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
b.  ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Standard Motions In Limine.

**16. Discovery**
a.  ☐ The party or parties have completed all discovery.
b.  ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Deposition of Plaintiff | Pending written discovery |
| | Discovery to Plaintiff | 11/4/21 |
| | Expert Discovery | Pursuant to Code |

c.  ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: LUCINDA NIEVES | CASE NUMBER: |
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION | RG21101470 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

19. **Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

Limited written discovery, subpoena & medical records, IME (if necessary) and private mediation.  Mediate by 2/28/22.

20. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 20, 2021

| | |
|---|---|
| Arthur J. Casey, Esq. | |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

**PROOF OF SERVICE**
*Lucinda Nieves v. Costco Wholesale Corporation*
Alameda County Case No.: RG21101470

I, MARIELA NERY, declare:

I am over the age of eighteen (18) years and not a party to the within entitled action.  I am employed at Ford, Walker, Haggerty & Behar, LLP.  I am readily familiar with the firm's practice for collection and processing of documents for delivery by way of the service indicated below.

On **OCTOBER 20, 2021**, I served the following document(s):

**CASE MANAGEMENT STATEMENT**

on the interested parties in this action as follows:

☒ **BY E-MAIL**: By agreement of the parties to accept service by electronic transmission, I caused the document(s) to be sent from email address mnery@fwhb.com to the persons at the electronic notification addresses shown below.

| | |
|---|---|
| Jake Douglas | Attorneys for Plaintiff |
| Babken Sarafyan | LUCINDA NIEVES |
| Jubin J. Niamehr | |
| JACOBY & MYERS ATTORNEYS LLP | |
| 10900 Wilshire Blvd., 15th Floor | |
| Los Angeles, CA 90024 | |
| EMAILS:jdouglass@jacobyandmeyers.com | |
| bsarafyan@jacobyandmeyers.com | |
| jn@jacobyandmeyers.com | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **OCTOBER 20, 2021**, at Los Gatos, California.


*Mariela Nery*
_____
MARIELA NERY

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jake Douglass (290074); Babken Sarafyan (333438)<br>JACOBY & MEYERS ATTORNEYS LLP<br>10900 Wilshire Boulevard, 15th Floor<br>Los Angeles, CA 90024 | FOR COURT USE ONLY |

TELEPHONE NO.: (310) 312-3300      FAX NO. *(Optional):* 310-715-8331
E-MAIL ADDRESS *(Optional):* jdouglass@jacobyandmeyers.com
ATTORNEY FOR *(Name):* Plaintiff, Lucinda Nieves

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA**
STREET ADDRESS: 24405 AMADOR STREET
MAILING ADDRESS: 24405 AMADOR STREET
CITY AND ZIP CODE: HAYWARD, CA 95444
BRANCH NAME: Hayward Hall of Justice

PLAINTIFF/PETITIONER:   Lucinda Nieves
DEFENDANT/RESPONDENT:   Costco Wholesale Corporation dba Costco Wholesale, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE**   [ ] **LIMITED CASE**<br>(Amount demanded   (Amount demanded is $25,000<br>exceeds $25,000)   or less) | RG21101470 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 13, 2022      Time: 03:00 PM      Dept.: 15      Div.:      Room:

Address of court *(if different from the address above):*

[X]  **Notice of Intent to Appear by Telephone, by** *(name):* Babken Sarafyan, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Plaintiff, Lucinda Nieves
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* May 28, 2021
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [X] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [X] have been served but have not appeared and have not been dismissed *(specify names):*
          Kari Shields

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [X] complaint   [ ] cross-complaint    *(Describe, including causes of action):*
      This case involves a slip and fall that took place on June 1, 2019. Plaintiff was a customer at Defendant Costco Wholesale Corporation dba Costco Wholesale's store when she slipped and fell on a substance located on the floor. The complaint contains two causes of action, Negligence and Premises Liability.

Page 1 of 5

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:   Lucinda Nieves | CASE NUMBER: |
| DEFENDANT/RESPONDENT:   Costco Wholesale Corporation dba Costco Wholesale, et al. | RG21101470 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Please see Attachment 4b.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**

a.   The party or parties request  ☒  a jury trial  ☐  a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**

a.   ☐   The trial has been set for  *(date):*

b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Plaintiffs' counsel is unavailable for trial in February 2022, March 2022, July 2022, and August 2022, due to other trial dates.

7.   **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.   ☒   days *(specify number):* 5-7 Days

b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒  by the attorney or party listed in the caption   ☐  by the following:

a.   Attorney:

b.   Firm:

c.   Address:

d.   Telephone number:                                              f.   Fax number:

e.   E-mail address:                                                  g.   Party represented:

☐   Additional representation is described in Attachment 8.

9.   **Preference**

☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel  ☒  has  ☐  has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party  ☐  has  ☐  has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:   Lucinda Nieves | CASE NUMBER: |
| DEFENDANT/RESPONDENT:   Costco Wholesale Corporation dba Costco Wholesale, et al. | RG21101470 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:   Lucinda Nieves | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Costco Wholesale Corporation dba Costco Wholesale, et al. | RG21101470 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes   ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case   *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy   ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party)*:

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

☐ The party or parties expect to file the following motions before trial   *(specify moving party, type of motion, and issues)*:

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Winter 2021 |
| Plaintiff | Oral Discovery | Spring 2022 |
| Plaintiff | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated  *(specify)*:

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:  Lucinda Nieves | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Costco Wholesale Corporation dba Costco Wholesale, et al. | RG21101470 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):*  -1-_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  December 27, 2021

Babken Sarafyan, Esq.
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

**Attachment 4b**

This case involves a slip and fall that occurred on June 1, 2019. Plaintiff was a customer at Defendant Costco Wholesale Corporation dba Costco Wholesale's store when she slipped and fell on a substance located on the floor. As a result of the slip and fall, Plaintiff sustained significant injuries, including back pain, shoulder pain, chronic tendinitis of left shoulder, and thoracic pain.

Plaintiff underwent treatment for her injuries. To date, Plaintiff estimates that her past medical expenses are approximately $153,459.69 based on currently available billing records. Plaintiff is not making a claim for past loss of earnings. Future medical expenses and future loss of earnings have not yet been determined, as they require expert opinion, and it is therefore premature. Plaintiff is seeking compensatory damages according to proof.

**PROOF OF SERVICE - 1013a, 2015.5, 2015 C.C.P.**

**CASE NAME: LUCINDA NIEVES v. COSTCO WHOLESALE CORPORATION , et al.**
**CASE NUMBER: RG21101470**

**State of California          )**
**County of Los Angeles     )        ss:**

I am over the age of 18 years, am employed in the aforesaid county and am not a party to the action or proceeding, and my business address is 10900 Wilshire Boulevard, 15th Floor, Los Angeles, California 90024.

On December 27, 2021, I e-served: **CASE MANAGEMENT STATEMENT,** on the interested parties in the action as follows:

Arthur J Casey, Esq.
**FORD, WALKER, HAGGERTY & BEHAR, LLP**
16450 Los Gatos Blvd., Suite 110
Los Gatos, CA 95032
Telephone: (408) 660-3102
Email(s): acasey@fwhb.com;
Attorneys for Defendant: COSTCO WHOLESALE CORPORATION

    ✓  **BY EMAIL or ELECTRONIC TRANSMISSION.** Pursuant to C.R.C. 2.251(c)(3) and/or an agreement of the parties to accept service by e-mail or electronic transmission in lieu of physical mail delivery, I caused the documents to be electronically sent to the persons at the e-mail addresses and/or facsimile numbers listed above. **The service of documents by electronic means will have the same effect as service by overnight delivery, i.e., two (2) business days (see C.C.P. § 1010.6).**  In each case, if the sender does not receive a notification that the particular e-mail has failed to be delivered, and/or the sending party receives a confirmation that the facsimile transmission is successful, it shall be assumed that the e-service has been successful and service is deemed complete upon sending by electronic means.   No physical copies will be served.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on the above date, at Los Angeles, California

    ✓   (State) I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

_____ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*Sarena Quintanilla*
Sarena Quintanilla

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* SBN: 123273 | FOR COURT USE ONLY |
|---|---|

Arthur Casey, Esq.
FORD, WALKER, HAGGERTY & BEHAR, LLP
16450 Los Gatos Blvd., Suite 110, Los Gatos, CA 95032
TELEPHONE NO.: (408) 660-3102    FAX NO. *(Optional)*: (408) 660-3105
E-MAIL ADDRESS *(Optional)*: acasey@fwhb.com
ATTORNEY FOR *(Name)*: Defendant, COSTCO WHOLESALE CORPORATION

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS:
CITY AND ZIP CODE: Alameda, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: LUCINDA NIEVES

DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | RG21101470 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:  JANUARY 13, 2022        Time:  3:00 P.M.        Dept.: 15        Div.:        Room:

Address of court *(if different from the address above)*:

☑ Notice of Intent to Appear by Telephone, by *(name)*:  Arthur J. Casey

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑  This statement is submitted by party *(name)*:  Defendant, COSTCO WHOLESALE CORPORATION
   b. ☐  This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:
      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐  have had a default entered against them *(specify names)*:
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.  Type of case in  ☑  complaint      ☐  cross-complaint      *(Describe, including causes of action)*:
      Personal Injury/Premises Liability

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: LUCINDA NIEVES | CASE NUMBER: |
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION | RG21101470 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

    Slip and fall accident occurred on June 1, 2019.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
(2022): 3/23-3/27,3/28-4/1,4/11-4/15,4/12-4/15, 4/25-4/29, 5/9-5/13,5/13- 5/21,5/16-5/20,6/6-6/11, 6/13-6/17,6/20-6/27,7/8-7/13,7/25-8/5,8/1-8/5,8/12-8/19,9/14-9/2310/11-10/14,11/7-11/11. (2023) 1/30-2/3

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑ days *(specify number):* 5-7
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐ Additional representation is described in Attachment 8.

f.  Fax number:
g.  Party represented:

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: LUCINDA NIEVES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION | RG21101470 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER: | LUCINDA NIEVES | RG21101470 |
| DEFENDANT/RESPONDENT: | COSTCO WHOLESALE CORPORATION | |

**11. Insurance**

a. ☑ Insurance carrier, if any, for party filing this statement *(name):* Self-Insured

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Standard Motions In Limine.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Deposition of Plaintiff | TBD |
| | Records Subpoenas | TBD |
| | Discovery | Pending |
| | Expert Discovery | Pursuant to Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | LUCINDA NIEVES | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | COSTCO WHOLESALE CORPORATION | RG21101470 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*
   Limited written discovery, subpoena & medical records, IME (if necessary) and private mediation.  Mediate by 3/28/22.

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  December 28, 2021

| | |
|---|---|
| Arthur J. Casey, Esq. | |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

**PROOF OF SERVICE**
*Lucinda Nieves v. Costco Wholesale Corporation*
Alameda County Case No.: RG21101470

I, MARIELA NERY, declare:

I am over the age of eighteen (18) years and not a party to the within entitled action.  I am employed at Ford, Walker, Haggerty & Behar, LLP.  I am readily familiar with the firm's practice for collection and processing of documents for delivery by way of the service indicated below.

On **DECEMBER 28, 2021**, I served the following document(s):

**CASE MANAGEMENT STATEMENT**

on the interested parties in this action as follows:

☒ **BY E-MAIL**: By agreement of the parties to accept service by electronic transmission, I caused the document(s) to be sent from email address mnery@fwhb.com to the persons at the electronic notification addresses shown below.

| | |
|---|---|
| Jake Douglas | Attorneys for Plaintiff |
| Babken Sarafyan | LUCINDA NIEVES |
| Jubin J. Niamehr | |
| JACOBY & MYERS ATTORNEYS LLP | |
| 10900 Wilshire Blvd., 15th Floor | |
| Los Angeles, CA 90024 | |
| EMAILS: jdouglass@jacobyandmeyers.com | |
| bsarafyan@jacobyandmeyers.com | |
| jn@jacobyandmeyers.com | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **DECEMBER 28, 2021**, at Los Gatos, California.


*Mariela Nery*
_____
MARIELA NERY

**Superior Court of California, County of Alameda**
**Alternative Dispute Resolution Program**

**FILED**
Superior Court of California
County of Alameda
01/19/2022
Chad Fiike, Executive Officer / Clerk of the Court
By: _Joshua W Rose_ Deputy
J. Rose

| | |
|---|---|
| Lucinda Nieves | Plaintiff |
| VS. | |
| Costco Wholesale Corporation et al | |
| | Defendant |
| Nieves VS Costco Wholesale Corporation | |

No. RG21101470

Notice of Court Mediation Referral

You are notified that your case has been referred to Court mediation. Mediation must be completed by 06/14/2022.

If you need more time to complete mediation, you must request an extension from your case management judge.

As part of the Court Mediation Program, assigned mediators donate limited preparation time and two hours of mediation time. Any time beyond that the parties will be responsible for the mediator's full fees. A signed written agreement by all parties can extend the Court mediation session beyond two hours if all parties agree to pay the mediator's fees. Some mediators may require a deposit. Please notify the court of the identity of the selected neutral by 04/05/2022.

Selecting a mediator:

1. The list of the Court's mediator panel can be found at eportal.alameda.courts.ca.gov/?q=node/401. There are profiles for each mediator on the panel to aid in selecting a mediator specifically for your type of case. The parties must agree on one mediator. Once a mediator has been selected, one party must contact the mediator to determine if they are willing to accept the case and able to mediate the case prior to your mediation deadline as indicated above.
2. Once the parties have confirmed that their selected mediator can mediate the case, you must then file the **Notice of Mediator Selection Form** included with this notice. A copy can also be found in the public portal (click on the ADR tab, "Court Mediation Program," then click on the "Mediator Selection Form" link).
   Once the ADR program has received your Notice of Mediator Selection Form, we will notify your selected mediator with the case assignment.
3. The mediator will be provided with all parties contact information to schedule mediation. At least one week prior to mediation, you **must** provide the mediator and all parties with a concise outline of the dispute. It must be no longer than five pages and include relevant documents to aid in resolving the case.

Dated:   01/19/2022

By: _Joshua W Rose_

Chad Fiike, Executive Officer / Clerk of the Court

J. Rose, Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>Lucinda Nieves | |
| DEFENDANT/RESPONDENT:<br>Costco Wholesale Corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>RG21101470 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Arthur J. Casey
Casey Law Group
16450 Los Gatos Boulevard
Suite 110
Los Gatos, CA 95032-

Babken Sarafyan
Jacoby & Meyers Attorneys LLP
10900 Wilshire Boulevard
15th Floor
Los Angeles, CA 90024-

Chad Finke, Executive Officer / Clerk of the Court

Dated:   01/19/2022

By:   Chad Finke, Executive Officer / Clerk of the Court

J. Rose, Deputy Clerk

**CERTIFICATE OF MAILING**



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

**Alternative Dispute Resolution (ADR) Program**
Hayward Hall of Justice · 24405 Amador Street · Hayward, CA 94544
Fax File: (510) 267-5727 · Phone: (510) 891-6055
Email: adrprogram@alameda.courts.ca.gov

*Note: It is required that **all** of the below fields be completed. Failure to do so could affect your selected mediator's ability to contact you in regards to scheduling purposes.*

| |
|---|
| File this mediator selection form via fax: (510) 267-5727 or by e-mail to adrprogram@alameda.courts.ca.gov |

## NOTICE OF MEDIATOR SELECTION FORM

Case Name: _Nieves VS Costco Wholesale Corporation_          Case No.: **RG21101470**

Assigned Judge: _____          Dept.: _____

| Plaintiff / Plaintiff's Counsel / Cross Complainant | Defendant / Defense Counsel / Cross Defendant |
|---|---|
| Name: _____ | Name: _____ |
| Phone: _____ | Phone: _____ |
| E-mail: _____ | E-mail: _____ |
| Address: _____ | Address: _____ |
| _____ | _____ |
| Name: _____ | Name: _____ |
| Phone: _____ | Phone: _____ |
| E-mail: _____ | E-mail: _____ |
| Address: _____ | Address: _____ |
| _____ | _____ |

All counsel and parties to this case represent that _____ (mediator) has been contacted and is willing to:

    a. Accept this case for mediation as part of the Court Mediation Program,
    b. Mediate this case before _06/14/2022_____ (mediation completion deadline).

I, _____ represent that all counsel and parties to this case agree with the selection of this mediator.

_____          _____
       Your Signature                              Date

| ***Court Use Only:*** | ☐ Parties opted for Private Mediation | ☐ Court referred to Private Mediation |
|---|---|---|

Rev. date: 05/2019

RECEIVED

JAN 2 1 2022

FORD, WALKER, HAGGERTY & BEHAR

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

**RG21101470: Nieves VS Costco Wholesale Corporation**
**01/13/2022 Initial Case Management Conference in Department 15**

Tentative Ruling

ORDER RE: CASE MANAGEMENT AND TRIAL SETTING ORDER WITH NOTICE

The Court has ordered the following after review of the case, including timely filed Case Management Statements, without a conference.

TRIAL SETTING ORDERS

Jury Trial is scheduled for 03/27/2023 at 10:00 AM in Department 15.

The parties are ordered to comply with the Standing Pre-Trial Orders for Civil Cases, Local Rule of Court 3.35.

Pre-Trial Conference is scheduled for 03/16/2023 at 01:30 PM in Department 15 at Rene C. Davidson Courthouse.

The above-captioned matter is set for jury trial in Department 15 of this Court in the Administration Building, 1221 Oak Street, Oakland, CA 94612.

Unless expressly modified by this notice and order, the Local Rules, including Local Rule 3.35, are fully applicable to the pretrial and trial of this action. This order does not supersede or modify any right or obligation conferred or imposed by law, and is subject to various provisions of the Code of Civil Procedure including Code of Civil Procedure sections 2024.010-2024.060 and sections 2034.010-2034.730.

Reference to "counsel" in this notice and order means and refers to any attorney of record in this action, and also means and refers to any party representing himself or herself at or in connection with any pretrial conference, hearing, or trial.

Counsel must be fully familiar with the law applicable to all issues raised by the pleadings and any matters to be addressed at pretrial and/or trial, including all rules and provisions of law set forth or referred to in the Civil Code, the Code of Civil Procedure (C.C.P.), the California Rules of Court (CRC), the Evidence Code, and the Local Rules. The Local Rules may be obtained at the office of the civil clerk, first floor, 1225 Fallon Street, Oakland, CA 94612, and may be accessed through the court's website: http://www.alameda.courts.ca.gov.

MANDATORY SETTLEMENT CONFERENCE (CRC section 3.1380)

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

### RG21101470: Nieves VS Costco Wholesale Corporation
### 01/13/2022 Initial Case Management Conference in Department 15

The Court orders the parties to a Mandatory Settlement Conference (MSC) on 03/02/2023 at 09:00 AM in Department 302 at George E. McDonald Hall of Justice.

Lead negotiating counsel, trial counsel, party representatives, insurance carrier representatives with full settlement authority from each insurance policy implicated by plaintiff's demand, and all other persons necessary to consent to settlement must PERSONALLY ATTEND the MSC, unless excused by the court for good cause.

Parties must comply with all applicable rules and code provisions regarding MSCs, including California Rule of Court (CRC) 3.1380. No later than five court days before the MSC, each party must serve on opposing parties, and DELIVER DIRECTLY TO THE SETTLEMENT DEPARTMENT a hard copy Settlement Conference Statement (SCS) that includes a detailed discussion of liability and damages. The SCS must also contain a good faith settlement demand or offer as of the date the settlement conference statement is signed.

DO NOT E-MAIL OR FILE, INCLUDING BY FAX, THE SCS WITH THE COURT.

Any person seeking to appear at the MSC by telephone must file with the clerk's office a formal ex parte application with a proposed order and proof of service showing service on all parties. A courtesy copy of the application and proposed order must be delivered directly to the settlement department. The application will not be granted unless the party shows good cause and delivers to the settlement department its SCS that fully complies with CRC 3.1380(c) and includes a good faith settlement demand or offer as of the date the settlement conference statement is signed. If the application is granted, the person appearing by telephone must be immediately available by telephone throughout the conference until released by the court.

FAILURE TO BE IMMEDIATELY AVAILABLE, INCLUDING AFTER BUSINESS HOURS, CONSTITUTES A NON-APPEARANCE BY THAT PERSON.

If the case settles before the MSC, Plaintiff must promptly notify this department and the settlement department.

FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS.

On the Court's own motion, the Initial Case Management Conference scheduled for 01/13/2022 is vacated.

FURTHER CONFERENCE
A Case Management Conference is scheduled for 06/14/2022 at 01:30 PM in Department 15.

Updated Case Management Statements in compliance with Rule of Court 3.725, on Judicial Council Form CM-110, must be filed no later than 05/30/2022. If the foregoing date is a court

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

**RG21101470: Nieves VS Costco Wholesale Corporation**
**01/13/2022 Initial Case Management Conference in Department 15**

holiday or a weekend, the time is extended to the next business day.

The case is referred to Court Mediation, said process to be completed by 06/14/2022. Mediator selection due by 04/05/2022.

Please contact the ADR Program by email at adrprogram@alameda.courts.ca.gov.

General information about the ADR Program, including how to select a Court Mediator, is also available online at www.alameda.courts.ca.gov/adr.

If the case is resolved in mediation, promptly notify the Court.

A Case Management Conference Status re: Mediation is scheduled on 06/14/2022 at 01:30 PM in Department 15 at Rene C. Davidson Courthouse.

The parties may select private mediation rather than court mediation.

CONTESTING THE TENTATIVE CASE MANAGEMENT ORDER: If the parties do not contest the Tentative Case Management Order, it will be adopted. Any party wishing to contest the tentative case management order must notify the court by email at Dept15@alameda.courts.ca.gov, and notify all opposing counsel or unrepresented parties by 4pm the day before the hearing.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

1

**JACOBY & MEYERS ATTORNEYS LLP**
JAKE DOUGLASS, State Bar No. 290074

2
    *jdouglass@jacobyandmeyers.com*
BABKEN SARAFYAN, State Bar No. 333438

3
    *bsarafyan@jacobyandmeyers.com*
JUBIN J. NIAMEHR, State Bar No. 266794

4
    *jn@jacobyandmeyers.com*
10900 Wilshire Boulevard, 15th Floor

5
Los Angeles, California 90024

6
Telephone: (310) 312-3300
Facsimile: (310) 715-8331

7

8
Attorneys for Plaintiffs LUCINDA NIEVES

9

10
### SUPERIOR COURT OF THE STATE OF CALIFORNIA

11
### FOR THE COUNTY OF ALAMEDA

12

| | |
|---|---|
| LUCINDA NIEVES, an individual; | Case No.: RG21101470 |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE'S FORM INTERROGATORIES, SET ONE** |
| vs. | |
| COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE, a Washington corporation; KARI SHIELDS, an individual; and DOES 1 THROUGH 100, inclusive, | Dept.  15<br>Filed: 5/28/2021<br>Trial:  NOT SET |
| Defendants. | |

13

14

15

16

17

18

19

20

21
PROPOUNDING PARTY:    Defendant(s) COSTCO WHOLESALE

22
    CORPORATION dba COSTCO

23
    WHOLESALE

24
RESPONDING PARTY:    Plaintiff(s)    LUCINDA NIEVES

25
SET NUMBER:    ONE (1)

26

27
      In response to Respondent's FORM INTERROGATORIES, SET ONE, Plaintiff
LUCINDA NIEVES states as follows:

28
      This responding party has conducted a reasonable investigation into the matters

-1-

of inquiry contained in this request; however, discovery and investigation is continuing in this matter and this responding party has not completed discovery or preparation for trial, and specifically thereby reserves the right to continue such discovery and investigation, without obligation to supplement or amend these responses.  This responding party specifically reserves the right to introduce at the time of trial, any documents or other evidence acquired after the date of this response without further notice to the propounding party.

Each response made herein is specifically subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections that would require the exclusion of any evidence specified or described therein.  All of these objections are specifically hereby reserved and may be interposed at time of trial.

To the extent that any item calls for information which constitutes material prepared in anticipation of litigation or for trial or information or material covered by the Work Product Doctrine or Attorney/Client privilege, this responding party specifically hereby objects to such item and will not supply such information protected by virtue thereof.

## RESPONSES TO FORM INTERROGATORIES

**FORM INTERROGATORY NO. 1.1:**

State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE TO FORM INTERROGATORY NO. 1.1:**

Jacoby & Meyers Attorneys LLP, 10900 Wilshire Boulevard, 15th Floor, Los Angeles, California 90024, (310) 312-3300; Attorneys.

///

///

1   **FORM INTERROGATORY NO. 2.1:**

2   State:

3   (a) your name

4   (b) every name you have used in the past;

5   (c) the dates you used each name.

6   **RESPONSE TO FORM INTERROGATORY NO. 2.1:**

7         (a) Lucinda Saucedo Ferdin

8         (b-c) Lucinda Saucedo Ferdin: 2/28/1969 – approx. 1985

9         Lucinda Saucedo Costilla: approx. 1985 – approx. 1988

10        Lucinda Saucedo Ferdin: approx. 1988 – approx. 2006

11        Lucinda Saucedo Nieves approx. 2006 – present

12  **FORM INTERROGATORY NO. 2.2:**

13  State the date and place of your birth.

14  **RESPONSE TO FORM INTERROGATORY NO. 2.2:**

15        2/28/1969, Hayward, California.

16  **FORM INTERROGATORY NO. 2.3:**

17  At the time of the INCIDENT, did you have a driver's license? If so state:

18  (a) the state or other issuing entity;

19  (b) the license number and type;

20  (c) the date of issuance;

21  (d) all restrictions.

22  **RESPONSE TO FORM INTERROGATORY NO. 2.3:**

23        Yes.

24        (a) California;

25        (b) C5586046, B;

26        (c) 03/16/2018;

27        (d) Corrective lens;

28  ///

-3-

**PLAINTIFF'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE'S FORM INTERROGATORIES, SET ONE**

1  **FORM INTERROGATORY NO. 2.4:**

2  At the time of the INCIDENT, did you have any other permit or license for the operation

3  of a motor vehicle? If so, state:

4  (a) the state or other issuing entity;

5  (b) the license number and type;

6  (c) the date of issuance; and

7  (d) all restrictions.

8  **RESPONSE TO FORM INTERROGATORY NO. 2.4:**

9       No.

10 **FORM INTERROGATORY NO. 2.5:**

11 State:

12 (a) your present residence ADDRESS;

13 (b) your residence ADDRESSES for the past five years; and

14 (c) the dates you lived at each ADDRESS.

15 **RESPONSE TO FORM INTERROGATORY NO. 2.5:**

16      (a-c) 241 Teddy Dr., Union City, CA 94587, approx. 2011 – present.

17 **FORM INTERROGATORY NO. 2.6:**

18 State:

19 (a) the name, ADDRESS, and telephone number of your present employer or place of

20 self-employment; and

21 (b) the name, ADDRESS, dates of employment, job title, and nature of work for each

22 employer or self-employment you have had from five years before the INCIDENT until

23 today.

24 **RESPONSE TO FORM INTERROGATORY NO. 2.6:**

25      (a) Responding Party has been on disability since approximately 05/2021;

26      (b) Tri City Economic Development Community Recycling, 33377 Western Ave,

27           Union City, CA 94587, (510) 471-3850, recycling center, recycle driver,

28           approx. 2006 – approx. 05/2021.

-4-

**FORM INTERROGATORY NO. 2.7:**

State:

(a) the name and ADDRESS of each school or other academic or vocational institution you have attended, beginning with high school;

(b) the dates you attended;

(c) the highest grade level you have completed; and

(d) the degrees received.

**RESPONSE TO FORM INTERROGATORY NO. 2.7:**

      (a) James Logan High School, 1800 H St, Union City, CA 94587

      (b) Approx. 1984 – 1987

      (c) 11th

      (d) None.

**FORM INTERROGATORY NO. 2.8:**

Have you ever been convicted of a felony? If so, for each conviction state:

(a) the city and state where you were convicted;

(b) the date of conviction;

(c) the offense; and

(d) the court and case number.

**RESPONSE TO FORM INTERROGATORY NO. 2.8:**

    No.

**FORM INTERROGATORY NO. 2.9:**

Can you speak English with ease? If not, what language and dialect do you normally use?

**RESPONSE TO FORM INTERROGATORY NO. 2.9:**

    Yes.

**FORM INTERROGATORY NO. 2.10:**

Can you read and write English with ease? If not, what language and dialect do you normally use?

1 **RESPONSE TO FORM INTERROGATORY NO. 2.10:**

2    Yes.

3 **FORM INTERROGATORY NO. 2.11:**

4 At the time of the INCIDENT were you acting as an agent or employee for any

5 PERSON? If so, state:

6 (a) the name, ADDRESS, and telephone number of that PERSON: and

7 (b) a description of your duties.

8 **RESPONSE TO FORM INTERROGATORY NO. 2.11:**

9    No.

10 **FORM INTERROGATORY NO. 2.12:**

11 At the time of the INCIDENT did you or any other person have any physical, emotional,

12 or mental disability or condition that may have contributed to the occurrence of the

13 INCIDENT? If so, for each person state:

14 (a) the name, ADDRESS, and telephone number;

15 (b) the nature of the disability or condition; and

16 (c) the manner in which the disability or condition contributed to the occurrence of the

17 INCIDENT.

18 **RESPONSE TO FORM INTERROGATORY NO. 2.12:**

19    Objection. This interrogatory is premature as Plaintiff has not yet had the

20 opportunity to complete necessary depositions and has not received responses to

21 written discovery from Defendant.  Discovery and investigation are ongoing and Plaintiff

22 expressly reserves the right to supplement this response.

23    Subject to and without waiving the foregoing objections, responding party

24 answers as follows:

25    No as to Plaintiff; unknown as to other parties.

26    As discovery, investigation and research are incomplete, responding party

27 reserves the right to supplement and/or amend this response, and to disclose further

28 information and/or documents supportive of responding party's contentions herein, and

in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 2.13:**

Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:

(a) the name, ADDRESS, and telephone number;

(b) the nature or description of each substance;

(c) the quantity of each substance used or taken;

(d) the date and time of day when each substance was used or taken;

(e) the ADDRESS where each substance was used or taken;

(f) the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and

(g) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**RESPONSE TO FORM INTERROGATORY NO. 2.13:**

Objection. This interrogatory is premature as Plaintiff has not yet had the opportunity to complete necessary depositions and has not received responses to written discovery from Defendant.  Discovery and investigation are ongoing and Plaintiff expressly reserves the right to supplement this response.

Subject to and without waiving the foregoing objections, responding party answers as follows:

No as to Plaintiff; unknown as to other parties.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding party's contentions herein, and

in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 4.1:**

At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:

(a) the kind of coverage;

(b) the name and ADDRESS of the insurance company;

(c) the name, ADDRESS, and telephone number of each named insured;

(d) the policy number;

(e) the limits of coverage for each type of coverage contained in the policy;

(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

(g) the name, ADDRESS, and telephone number of the custodian of the policy.

**RESPONSE TO FORM INTERROGATORY NO. 4.1:**

Objection. This discovery request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence in violation of the collateral source rule. This request is also an invasion of responding partys right to privacy (See Hrnjak v. Graymar (1971) 4 Cal.3d 725; Pacific Gas & Electric Company v. Superior Court (1994) 28 Cal. App.4th 174; and Helfend v. SCRTD (1970) 2 Cal.3d 1.)

Objection. The presence or absence of insurance is totally irrelevant.  CACI 105, 5001.  Only relevant evidence is admissible. Cal. Evid. Code section 350.  Therefore, this request is not reasonably calculated to lead to the discovery of admissible evidence and seek information protected by Plaintiffs Constitutional right to privacy. Cal. Const., Art. I,  I. Subject to and without waiving said objections, Responding Party responds as

**PLAINTIFF'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE'S FORM INTERROGATORIES, SET ONE**

follows:

No, Responding Party did not have any primary, pro-rata, or excess liability coverage at the time of the incident.

**FORM INTERROGATORY NO. 4.2:**

Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

**RESPONSE TO FORM INTERROGATORY NO. 4.2:**

No.

**FORM INTERROGATORY NO. 6.1:**

Do you attribute any physical, mental, or emotional injuries to the INCIDENT? (If your answer is "no", do not answer interrogatories 6.2 through 6.7).

**RESPONSE TO FORM INTERROGATORY NO. 6.1:**

Yes.

**FORM INTERROGATORY NO. 6.2:**

Identify each injury you attribute to the INCIDENT and the area of your body affected.

**RESPONSE TO FORM INTERROGATORY NO. 6.2:**

Objection. The interrogatory would necessitate the preparation of a compilation, abstract, audit or summary from documents in responding party's possession; because such preparation would be similarly burdensome and/or expensive to both the propounding and responding parties, plaintiff herewith offers to permit review of the requested documents from which propounding party can audit, inspect, copy or summarize. Responding party will make said documents available for review upon reasonable request. (Code of Civ. Proc. 2030.230; and Brotsky v. State Bar of California (1962) 57 cal.2d 287.

Objection. The interrogatory seeks premature disclosure of expert opinion in violation of Code of Civil Procedure sections 2034.210, 2034.220, and 2034.270. The interrogatory also seeks attorney work product in violation of Code of Civil Procedure sections 2018.020 and 2018.030. Responding Party has not decided on which, if any

expert witnesses may be called at trial; insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of responding partys experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. (See South Tahoe Public Utilities District v. Superior Court (1979) 90 Cal.App.3d 135; Sheets v. Superior Court (1967) 257 Cal.App.2d 1; and Sanders v. Superior Court (1973) 34 Cal.App.3d 270.)

Without waiving said objections, Responding Party responds as follows:

Back pain, shoulder pain, tendinitis of left shoulder, thoracic pain, right shoulder pain, and any other diagnoses attributed to the incident by Responding Party's treating doctors as listed in the medical records.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 6.3:**

Do you still have any complaints that you attribute to the INCIDENT? If so, for each complaint state:

(a) a description;

(b) whether the complaint is subsiding, remaining the same, or becoming worse; and

(c) the frequency and duration.

**RESPONSE TO FORM INTERROGATORY NO. 6.3:**

(a) Clavicle pain

(b) Aggravated by movement – remaining the same;

(c) Daily.


(a) Pain in both shoulders;

1   (b) Aggravated by movement – remaining the same;

2   (c) Daily.

3       As discovery, investigation and research are incomplete, responding party

4   reserves the right to supplement and/or amend this response, and to disclose further

5   information and/or documents supportive of responding partys contentions herein, and

6   in so doing, intend to rely on any and all additional information obtained, up to and

7   including the time of trial, which would substantiate, or have a tendency to substantiate,

8   any such additional information or documentation.

9   **FORM INTERROGATORY NO. 6.4:**

10  Did you receive any consultation or examination (except from expert witnesses covered

11  by Code of Civil Procedure sections 2034.210-2034.310) or treatment from a HEALTH

12  CARE PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH

13  CARE PROVIDER state:

14  (a) the name, ADDRESS, and telephone number;

15  (b) the type of consultation, examination, or treatment provided;

16  (c) the dates you received consultation, examination, or treatment; and

17  (d) the charges to date.

18  **RESPONSE TO FORM INTERROGATORY NO. 6.4:**

19      Objection. The interrogatory would necessitate the preparation of a compilation,

20  abstract, audit or summary from documents in responding party's possession; because

21  such preparation would be similarly burdensome and/or expensive to both the

22  propounding and responding parties, plaintiff herewith offers to permit review of the

23  requested documents from which propounding party can audit, inspect, copy or

24  summarize. Responding party will make said documents available for review upon

25  reasonable request. (Code of Civ. Proc.  2030.230; and Brotsky v. State Bar of

26  California (1962) 57 cal.2d 287. Without waiving said objections, Responding Party

27  responds as follows:

28      Yes.

(a) Kaiser Permanente Fremont Medical Center and Offices, 39400 Paseo Padre Parkway, Fremont CA 94538, (510) 248-3000

(b) Emergency room and primary care

(a) 06/02/2019, 08/08/19, 08/14/19, 09/04/19, 09/05/19, 09/08/19, 09/23/19, 12/11/19, 04/07/20, 09/13/20, 09/09/20, 10/13/20

(c) TBD

(a) Faggiano Chiropractic, 5115 Mowry Ave, Fremont, CA 94538, (510) 796-9799

(b) Chiropractic care

(c) 06/10/09, 06/17/19, 06/19/19, 06/20/19, 06/24/19, 06/26/19, 07/01/19, 07/11/19, 07/15/19, 07/22/19, 07/31/19, 08/01/19, 08/08/19, 08/15/19, 08/21/19, 08/26/19, 09/05/19, 09/12/19, 09/19/19, 09/25/19, 09/30/19, 10/09/19, 10/23/19, 10/30/19, 11/11/19, 11/18/19, 12/05/19, 12/18/19, 12/30/19, 01/13/19, 01/27/20, 02/20/20, 02/27/20, 03/09/20, 05/13/20, 05/21/20, 07/09/20, 07/30/20

(d) $5,810.00

(a) Comprehensive Spine and Sports Center, 24301 Southland Dr, Hayward, CA 94545, (510) 342-5721

(b) Orthopedic care

(c) 07/18/2019, 08/26/19, 09/09/19, 10/01/19, 10/24/10, 11/07/19, 12/05/19, 01/24/20, 04/20/20, 04/17/20, 05/27/20, 06/22/20, 07/13/20, 07/29/20, 08/19/20, 09/30/20, 10/14/20

(d) $24,578.28

(a) Plus Imaging, 9555 Foothill Blvd Suite A, Rancho Cucamonga, CA 91730, (909) 321-5000

(b) Imaging

**PLAINTIFF'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE'S FORM INTERROGATORIES, SET ONE**

(c) 08/22/19, 11/17/20, 06/10/21

(d) $7,650.00

(a) Kamran Aflatoon, DO, 13847 E. 14th St., Suite 118, San Leandro, CA 94578, (833) 364-6362

(b) Orthopedic care

(c) 11/07/20, 12/12/20, 12/19/20, 03/13/21

(d) $43,400.00

(a) Eminence Medical Group, 11239 Ventura Blvd #221, Studio City, CA 91604, (833) 364-6362;

(b) Pre-Op

(c) 12/07/20

(d) $2,640.00

(a) Beverly Hills Surgical Institute,13847 E 14th St Ste 116, San Leandro, CA 94578, (818) 919-0514.

(b) Surgical facility

(c) 12/12/20

(d) $61,171.41

(a) Paul Eliot Hughes, MD, 13847 East 14th Street, Suite 118, San Leandro, CA 94578, (833) 364-6362

(b) Orthopedic care

(c) 05/11/21, 06/11/21, 08/28/21

(d) $6,000.00

(a) Spine Surgery: Adventist Health Sonora, 900 Greenley Rd #914, Sonora, CA
    95370, (209) 536-5778

(b) Orthopedic care

(c) 07/01/21

(d) TBD


(a) Precise Imaging, 6710 Kester Ave UNIT 126, Van Nuys, CA 91405, (800)
    558-2223

(b) Imaging

(c) 10/29/21

(d) $2,200.00

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding party's contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 6.5:**

Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the INCIDENT? If so, for each medication state:

(a) the name;

(b) the PERSON who prescribed or furnished it;

(c) the date it was prescribed or furnished;

(d) the dates you began and stopped taking it; and

(e) the cost to date.

**RESPONSE TO FORM INTERROGATORY NO. 6.5:**

Objection. The interrogatory would necessitate the preparation of a compilation, abstract, audit or summary from documents in responding party's possession; because

such preparation would be similarly burdensome and/or expensive to both the propounding and responding parties, plaintiff herewith offers to permit review of the requested documents from which propounding party can audit, inspect, copy or summarize. Responding party will make said documents available for review upon reasonable request. (Code of Civ. Proc.  2030.230; and Brotsky v. State Bar of California (1962) 57 cal.2d 287. Without waiving said objections, Responding Party responds as follows:

Yes. Pursuant to California Code of Civil Procedure 2030.230, Plaintiff elects to have the propounding party inspect the original records of healthcare providers identified in response to Form Interrogatory No. 6.4(a), and for which records are served concurrently herewith and which records can be obtained by contacting said healthcare providers custodian of records.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding party's contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 6.6:**

Are there any other medical services necessitated by the injuries that you attribute to the INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:

(a) the nature;

(b) the date;

(c) the cost; and

(d) the name, ADDRESS, and telephone number of each provider.

///

///

**RESPONSE TO FORM INTERROGATORY NO. 6.6:**

To the best of Plaintiff's recollection, none other than the services detailed in the original records of the providers identified in response to Form Interrogatory No. 6.4(a).

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding party's contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 6.7:**

Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the INCIDENT? If so, for each injury state:

(a) the name and ADDRESS of each HEALTH CARE PROVIDER;

(b) the complaints for which the treatment was advised; and

(c) the nature, duration, and estimated cost of the treatment.

**RESPONSE TO FORM INTERROGATORY NO. 6.7:**

Objection. This request is premature as Plaintiff has not yet had the opportunity to complete necessary depositions and has not received responses to written discovery from Defendant.  Discovery and investigation are ongoing and Plaintiff expressly reserves the right to supplement this response.

Objection. The interrogatory seeks premature disclosure of expert opinion in violation of Code of Civil Procedure sections 2034.210, 2034.220, and 2034.270. The interrogatory also seeks attorney work product in violation of Code of Civil Procedure sections 2018.020 and 2018.030. Responding Party has not decided on which, if any, expert witnesses may be called at trial; insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of responding party's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. (See South Tahoe Public Utilities District v. Superior Court (1979) 90

-16-

Cal.App.3d 135; Sheets v. Superior Court (1967) 257 Cal.App.2d 1; and Sanders v. Superior Court (1973) 34 Cal.App.3d 270.)

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

It is currently unknown to Responding Party as to the full extent of future or additional treatment she may need. In December 2020, Responding Party underwent a left shoulder arthroscopy with Kamran Aflatoon, M.D., Responding Party continues to have shoulder pain with associated limitations. Additionally, Dr. Aflatoon has recommended an arthroscopic surgery on Responding Party's right shoulder. Mrs. Nieves continues to observe her pain and symptoms and will seek treatment as needed and follow the recommendations of her treating physicians. A full assessment of the future medical care needs as a result of the injury requires input from medical doctors and expert witnesses.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding party's contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 7.1:**

Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT? If so, for each item of property:

(a) describe the property;

(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and

(d) if the property was sold, state the name, ADDRESS, and telephone number of the seller, the date of sale, and the sale price.

1   **RESPONSE TO FORM INTERROGATORY NO. 7.1:**

2       No.

3   **FORM INTERROGATORY NO. 7.2:**

4   Has a written estimate or evaluation been made for any item of property referred to in

5   your answer to the preceding interrogatory? If so, for each estimate or evaluation state:

6   (a) the name, ADDRESS, and telephone number of the PERSON who prepared it and

7   the date prepared;

8   (b) the name, ADDRESS, and telephone number of each PERSON who has a copy of

9   it; and

10   (c) the amount of damage stated.

11   **RESPONSE TO FORM INTERROGATORY NO. 7.2:**

12       Not applicable.

13   **FORM INTERROGATORY NO. 7.3:**

14   Has any item of property referred to in your answer to interrogatory 7.1 been repaired?

15   If so, for each item state:

16   (a) the date repaired;

17   (b) a description of the repair;

18   (c) the repair cost;

19   (d) the name, ADDRESS, and telephone number of the PERSON who repaired it;

20   (e) the name, ADDRESS, and telephone number of the PERSON who paid for the

21   repair.

22   **RESPONSE TO FORM INTERROGATORY NO. 7.3:**

23       Not applicable.

24   **FORM INTERROGATORY NO. 8.1:**

25   Do you attribute any loss of income or earning capacity to the INCIDENT? (If your

26   answer is "no", do not answer interrogatories 8.2 through 8.8).

27   **RESPONSE TO FORM INTERROGATORY NO. 8.1:**

28       No.

**PLAINTIFF'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE'S FORM INTERROGATORIES, SET ONE**

1  **FORM INTERROGATORY NO. 8.2:**

2  State:

3  (a) the nature of your work;

4  (b) your job title at the time of the INCIDENT; and

5  (c) the date your employment began.

6  **RESPONSE TO FORM INTERROGATORY NO. 8.2:**

7       Not applicable.

8  **FORM INTERROGATORY NO. 8.3:**

9  State the last date before the INCIDENT that you worked for compensation.

10  **RESPONSE TO FORM INTERROGATORY NO. 8.3:**

11       Not applicable.

12  **FORM INTERROGATORY NO. 8.4:**

13  State your monthly income at the time of the INCIDENT and how the amount was

14  calculated.

15  **RESPONSE TO FORM INTERROGATORY NO. 8.4:**

16       Not applicable.

17  **FORM INTERROGATORY NO. 8.5:**

18  State the date you returned to work at each place of employment following the

19  INCIDENT.

20  **RESPONSE TO FORM INTERROGATORY NO. 8.5:**

21       Not applicable.

22  **FORM INTERROGATORY NO. 8.6:**

23  State the dates you did not work and for which you lost income as a result of the

24  INCIDENT.

25  **RESPONSE TO FORM INTERROGATORY NO. 8.6:**

26       Not applicable.

27  ///

28  ///

**PLAINTIFF'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE'S FORM INTERROGATORIES, SET ONE**

**FORM INTERROGATORY NO. 8.7:**

State the total income you have lost to date as a result of the INCIDENT and how the amount was calculated.

**RESPONSE TO FORM INTERROGATORY NO. 8.7:**

Not applicable.

**FORM INTERROGATORY NO. 8.8:**

Will you lose income in the future as a result of the INCIDENT? If so, state:

(a) the facts upon which you base this contention;

(b) an estimate of the amount;

(c) an estimate of how long you will be unable to work; and

(d) how the claim for future income is calculated.

**RESPONSE TO FORM INTERROGATORY NO. 8.8:**

Objection. This request is premature as Plaintiff has not yet had the opportunity to complete necessary depositions and has not received responses to written discovery from Defendant.  Discovery and investigation are ongoing and Plaintiff expressly reserves the right to supplement this response.

Objection. The interrogatory seeks premature disclosure of expert opinion in violation of Code of Civil Procedure sections 2034.210, 2034.220, and 2034.270. The interrogatory also seeks attorney work product in violation of Code of Civil Procedure sections 2018.020 and 2018.030. Responding Party has not decided on which, if any, expert witnesses may be called at trial; insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of responding partys experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. (See South Tahoe Public Utilities District v. Superior Court (1979) 90 Cal.App.3d 135; Sheets v. Superior Court (1967) 257 Cal.App.2d 1; and Sanders v. Superior Court (1973) 34 Cal.App.3d 270.) Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

It is currently unknown to Responding Party as to the amount of income she will

lose in the future, which requires an analysis of future medical care needs, future earning capacity and expected compensation increases over time, and changes to work life expectancy as a result of Responding Party's injuries and future medical care needs.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 9.1:**

Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:

(a) the nature;

(b) the date it occurred;

(c) the amount; and

(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

**RESPONSE TO FORM INTERROGATORY NO. 9.1:**

Plaintiff objects to this interrogatory to the extent that it seeks information that is the subject of expert opinion evidence on the grounds that the Interrogatory is premature. Without waiving the foregoing and subject thereto, Responding Party responds as follows:

Yes, general damages, including, but not limited to, past and future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress, all pursuant to CACI 3905A, in an amount according to proof at the time of trial.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further

information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 9.2:**

Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**RESPONSE TO FORM INTERROGATORY NO. 9.2:**

Objection. Plaintiff objects to this Request to the extent that it seeks information that is the subject of expert opinion evidence on the grounds that the Interrogatory is premature and/or calls for attorney work product and or information protected by the attorney-client privilege.

Objection. This interrogatory is premature as Plaintiff has not had the opportunity to take any depositions and has not received responses to his initial discovery from any Defendant. Without waiving the foregoing and subject thereto, Responding Party responds as follows:

Yes. All of the medical records, reports and other documents produced in response to requests for production of documents.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

///

///

///

**FORM INTERROGATORY NO. 10.1:**

At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:

(a) a description of the complaint or injury;

(b) the dates it began and ended; and

(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

**RESPONSE TO FORM INTERROGATORY NO. 10.1:**

Yes.

(a) Lower back pain;

(b) Approx. 04/10/1999 – 06/1999;

(c) None.


(a) Left shoulder pain;

(b) 04/03/2013 – 08/2013;

(c) Stanford Health Care - ValleyCare Medical Center, 5555 W Las Positas Blvd, Pleasanton, CA 94588, (925) 847-3000; Kevin Charles Booth, MD, 900 Greenley Rd #914, Sonora, CA 95370, (209) 536-5778; Jodie Konigsberg, MD, Kevin Charles Booth, MD, 900 Greenley Rd #914, Sonora, CA 95370, (209) 532-6128; James D Fontaine, MD, 5725 W Las Positas Blvd #200, Pleasanton, CA 94588, (925) 469-6274.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

-23-

**FORM INTERROGATORY NO. 10.2:**

List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. (You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)

**RESPONSE TO FORM INTERROGATORY NO. 10.2:**

None.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 10.3:**

At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a) the date and the place it occurred;

(b) the name, ADDRESS, and telephone number of any other PERSON involved;

(c) the nature of any injuries you sustained;

(d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and

(e) the nature of the treatment and its duration.

**RESPONSE TO FORM INTERROGATORY NO. 10.3:**

No.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and

-24-

including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 11.1:**

Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a) the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;

(b) the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;

(d) the name, ADDRESS, and telephone number of any attorney representing you;

(e) whether the claim or action has been resolved or is pending; and

(f) a description of the injury.

**RESPONSE TO FORM INTERROGATORY NO. 11.1:**

     Yes.

     (a) 04/03/2013, 33377 Western Ave., Union City, CA 94587;

     (b) Tri City Economic Development Corporation, 33377 Western Ave., Union
          City, CA 94587, (510) 471-3850;

     (c) Claim number: 33037283;

     (d) Not applicable;

     (e) Resolved;

     (f)  Left shoulder pain.

     As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and

including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 11.2:**

In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a) the date, time, and place of the INCIDENT giving rise to the claim;

(b) the name, ADDRESS, and telephone number of your employer at the time of the injury;

(c) the name, ADDRESS, and telephone number of the workers compensation insurer and the claim number;

(d) the period of time during which you received workers compensation benefits;

(e) a description of the injury;

(f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and

(g) the case number at the Workers' Compensation Appeals Board.

**RESPONSE TO FORM INTERROGATORY NO. 11.2:**

      Yes.

    (a) 04/03/2013 – 08/2013, 33377 Western Ave., Union City, CA 94587;

    (b) Tri City Economic Development Corporation, 33377 Western Ave., Union City, CA 94587, (510) 471-3850;

    (c) Claim number: 33037283;

    (d) Not applicable;

    (e) Left shoulder pain;

    (f) Stanford Health Care - ValleyCare Medical Center, 5555 W Las Positas Blvd, Pleasanton, CA 94588, (925) 847-3000; Kevin Charles Booth, MD, 900 Greenley Rd #914, Sonora, CA 95370, (209) 536-5778; Jodie Konigsberg, MD, Kevin Charles Booth, MD, 900 Greenley Rd #914, Sonora, CA 95370,

1    (209) 532-6128; James D Fontaine, MD, 5725 W Las Positas Blvd #200,

2    Pleasanton, CA 94588, (925) 469-6274;

3    (g) Claim number: 33037283.

4  **FORM INTERROGATORY NO. 12.1:**

5  State the name, ADDRESS, and telephone number of each individual:

6  (a) who witnessed the INCIDENT or the events occurring immediately before or after

7  the INCIDENT;

8  (b) who made any statement at the scene of the INCIDENT;

9  (c) who heard any statements made about the INCIDENT by any individual at the

10  scene; and

11  (d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the

12  INCIDENT (except for expert witnesses covered by Code of Civil Procedure section

13  2034).

14  **RESPONSE TO FORM INTERROGATORY NO. 12.1:**

15    (a-d) Plaintiff Lucinda Nieves and her husband Victor Nieves, whom can be

16  reached through counsel; unknown employees at Costco Wholesale; Plaintiff's treating

17  physicians listed in Form Interrogatory 6.4(a).

18    As discovery, investigation and research are incomplete, responding party

19  reserves the right to supplement and/or amend this response, and to disclose further

20  information and/or documents supportive of responding party's contentions herein, and

21  in so doing, intend to rely on any and all additional information obtained, up to and

22  including the time of trial, which would substantiate, or have a tendency to substantiate,

23  any such additional information or documentation.

24  **FORM INTERROGATORY NO. 12.2:**

25  Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual

26  concerning the INCIDENT? If so, for each individual state:

27  (a) the name, ADDRESS, and telephone number of the individual interviewed;

28  (b) the date of the interview; and

-27-

(c) the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

**RESPONSE TO FORM INTERROGATORY NO. 12.2:**

Objection. An investigation has been under taken on behalf of Responding Party; however, the nature and scope of this investigation and the attendant work product, the identity of any of my attorney's agent(s) (prior to, if applicable, designation as an expert witness pursuant to Code of Civil Procedure section 2034) and the identity of any individual(s) who may or may not have been contacted by my attorneys or their agents is protected by privacy, attorney work-product and attorney-client privileges as embodied in Article I, Section 1 of the California Constitution, Code of Civil Procedure section 2018, Evidence Code section 950, et seq., and case law including Soltani-Rastegar v. Superior Court, 208 Cal.App.3d 424 (1989). Any requested statements were obtained by counsel and or his investigator and tend to reveal counsel's evaluation of the case. Such request violates the attorney work-product protection as set forth in Nacht & Lewis Architects, Inc. v. Superior Court of [McCormick}, 47 Cal.App4th 214 (1996). The court's holding in Nacht & Lewis Architects, Inc., the requested information is protected and undiscoverable. Subject to and without waiving the foregoing objections, responding party answers as follows:

No.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

///

///

///

**FORM INTERROGATORY NO. 12.3:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:

(a) the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;

(b) the name, ADDRESS, and telephone number of the individual who obtained the statement;

(c) the date the statement was obtained; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

**RESPONSE TO FORM INTERROGATORY NO. 12.3:**

Objection. An investigation has been under taken on behalf of Responding Party; however, the nature and scope of this investigation and the attendant work product, the identity of any of my attorney's agent(s) (prior to, if applicable, designation as an expert witness pursuant to Code of Civil Procedure section 2034) and the identity of any individual(s) who may or may not have been contacted by my attorneys or their agents is protected by privacy, attorney work-product and attorney-client privileges as embodied in Article I, Section 1 of the California Constitution, Code of Civil Procedure section 2018, Evidence Code section 950, et seq., and case law including Soltani-Rastegar v. Superior Court, 208 Cal.App.3d 424 (1989). Any requested statements were obtained by counsel and or his investigator and tend to reveal counsel's evaluation of the case. Such request violates the attorney work-product protection as set forth in Nacht & Lewis Architects, Inc. v. Superior Court of [McCormick}, 47 Cal.App4th 214 (1996). The court's holding in Nacht & Lewis Architects, Inc., the requested information is protected and undiscoverable. Subject to and without waiving the foregoing objections, responding party answers as follows:

Yes.

1    (a) An unknown employee at Costco Wholesale, who Responding Party believes

2 was a manager;

3    (b) Responding Party, who can be reached through counsel;

4    (c) 06/02/2019;

5    (d) Plaintiff Lucinda Nieves, Plaintiff's counsel, and Defendant Costco Wholesale

6 Corporation.

7    As discovery, investigation and research are incomplete, responding party

8 reserves the right to supplement and/or amend this response, and to disclose further

9 information and/or documents supportive of responding partys contentions herein, and

10 in so doing, intend to rely on any and all additional information obtained, up to and

11 including the time of trial, which would substantiate, or have a tendency to substantiate,

12 any such additional information or documentation.

13 **FORM INTERROGATORY NO. 12.4:**

14 Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any photographs, films, or

15 videotapes depicting any place, object, or individual concerning the INCIDENT or

16 plaintiff's injuries? If so, state:

17 (a) the number of photographs or feet of film or videotape;

18 (b) the places, objects, or persons photographed, filmed, or videotaped;

19 (c) the date the photographs, films, or videotapes were taken;

20 (d) the name, ADDRESS, and telephone number of the individual taking the

21 photographs, films, or videotapes; and

22 (e) the name, ADDRESS, and telephone number of each PERSON who has the original

23 or a copy of the photographs, films, or videotapes.

24 **RESPONSE TO FORM INTERROGATORY NO. 12.4:**

25    Yes.

26    (a) One (1) photograph

27    (b) Plaintiff's shoes and clothes from the day of the incident;

28    (c) Approximately 06/2019;

-30-

**PLAINTIFF'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORPORATION dba COSTCO
WHOLESALE'S FORM INTERROGATORIES, SET ONE**

(d) Plaintiff Lucinda Nieves, who can be reached through counsel;

(e) Plaintiff Lucinda Nieves, who can be reached through counsel.


(a) One (1) photograph

(b) Photograph of incident scene

(c) Approximately 06/01/ 2019

(d) Plaintiff Lucinda Nieves, who can be reached through counsel;

(e) Plaintiff Lucinda Nieves, who can be reached through counsel.


(a) One (1) photograph

(b) Plaintiff's injuries;

(c) Approx. 06/2019.

(d) Plaintiff's husband, Victor Nieves, who can be reached through counsel;

(e) Plaintiff's husband, Victor Nieves, who can be reached through counsel.


(a) Three (3) photographs

(b) Plaintiff's injuries;

(c) Approx. 08/06/2021.

(d) Plaintiff's husband, Victor Nieves, who can be reached through counsel;

(e) Plaintiff's husband, Victor Nieves, who can be reached through counsel.


(a) Three (3) photographs

(b) Plaintiff's surgery scar;

(c) Approx. 12/2021;

(d) Plaintiff's husband, Victor Nieves, who can be reached through counsel;

(e) Plaintiff's husband, Victor Nieves, who can be reached through counsel.

As discovery, investigation and research are incomplete, responding party

reserves the right to supplement and/or amend this response, and to disclose further

information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 12.5:**

Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the INCIDENT? If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, ADDRESS, and telephone number of each PERSON who has it.

**RESPONSE TO FORM INTERROGATORY NO. 12.5:**

No.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 12.6:**

Was a report made by any PERSON concerning the INCIDENT? If so, state:

(a) the name, title, identification number, and employer of the PERSON who made the report;

(b) the date and type of report made;

(c) the name, ADDRESS, and telephone number of the PERSON for whom the report was made; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the report.

**RESPONSE TO FORM INTERROGATORY NO. 12.6:**

Yes.

(a) An unknown employee at Costco Wholesale, who Responding Party believes was a manager

(b) Incident report, 06/02/2019;

(c) Costco Wholesale, 28505 Hesperian Blvd, Hayward, CA 94545, (510) 921-3128;

(d) Plaintiff Lucinda Nieves, Plaintiff's counsel, and Defendant Costco Wholesale Corporation.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 12.7:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of the INCIDENT? If so, for each inspection state:

(a) the name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310); and

(b) the date of the inspection.

**RESPONSE TO FORM INTERROGATORY NO. 12.7:**

No.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further

information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 13.1:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF conducted surveillance of any individual involved in the INCIDENT or any party to this action? If so, for each surveillance state:

(a) the name, ADDRESS, and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, ADDRESS, and telephone number of the individual who conducted the surveillance; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of any surveillance photograph, film, or videotape.

**RESPONSE TO FORM INTERROGATORY NO. 13.1:**

No.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 13.2:**

Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

**PLAINTIFF'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE'S FORM INTERROGATORIES, SET ONE**

(c) the name, ADDRESS, and telephone number of the individual who prepared the report; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy.

**RESPONSE TO FORM INTERROGATORY NO. 13.2:**

Not applicable.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 14.1:**

Do YOU OR ANYONE ACTING ON YOUR BEHALF contend that any PERSON involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the INCIDENT? If so, identify the name, ADDRESS, and telephone number of each PERSON and the statute, ordinance, or regulation that was violated.

**RESPONSE TO FORM INTERROGATORY NO. 14.1:**

Objection. This interrogatory is premature as Plaintiff has not yet had the opportunity to complete necessary depositions and has not received responses to written discovery from Defendant.  Discovery and investigation are ongoing and Plaintiff expressly reserves the right to supplement this response. Subject to and without waiving the foregoing objections, responding party answers as follows:

Not at this time.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and

**PLAINTIFF'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE'S FORM INTERROGATORIES, SET ONE**

in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

**FORM INTERROGATORY NO. 14.2:**

Was any PERSON cited or charged with a violation of any statute, ordinance, or regulation as a result of this INCIDENT? If so, for each PERSON state:

(a) the name, ADDRESS, and telephone number of the PERSON;

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the PERSON entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and ADDRESS of the court or administrative agency, names of the parties, and case number.

///
///
///

**PLAINTIFF'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE'S FORM INTERROGATORIES, SET ONE**

**RESPONSE TO FORM INTERROGATORY NO. 14.2:**

Objection. This interrogatory is premature as Plaintiff has not yet had the opportunity to complete necessary depositions and has not received responses to written discovery from Defendant.  Discovery and investigation are ongoing and Plaintiff expressly reserves the right to supplement this response. Subject to and without waiving the foregoing objections, responding party answers as follows:

Responding Party is unaware if any person was cited or charged with a violation of any statute, ordinance, or regulation as a result of the incident.

As discovery, investigation and research are incomplete, responding party reserves the right to supplement and/or amend this response, and to disclose further information and/or documents supportive of responding partys contentions herein, and in so doing, intend to rely on any and all additional information obtained, up to and including the time of trial, which would substantiate, or have a tendency to substantiate, any such additional information or documentation.

Dated:  January 21, 2022                    JACOBY & MEYERS ATTORNEYS LLP


_____

JAKE DOUGLASS
BABKEN SARAFYAN
Attorneys for Plaintiffs

PLAINTIFF'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORPORATION dba COSTCO
WHOLESALE'S FORM INTERROGATORIES, SET ONE

**PROOF OF SERVICE - 1013a, 2015.5, 2015 C.C.P.**

<u>CASE NAME: NIEVES v. COSTCO WHOLESALE CORPORATION, et al.</u>
<u>CASE NUMBER: RG21101470</u>

State of California           )
County of Los Angeles   )           ss:

I am over the age of 18 years, am employed in the aforesaid county and am not a party to the action or proceeding, and my business address is 10900 Wilshire Boulevard, 15th Floor, Los Angeles, California 90024.

On January 21, 2022, I e-served: **PLAINTIFF'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE'S FORM INTERROGATORIES, SET ONE**
on the interested parties in the action as follows:

Arthur J. Casey
Jalianna Cisneros
Mariela Nery
**FORD, WALKER, HAGGERTY & BEHAR, LLP**
Emails(s): acasey@fwhb.com, mnery@fwhb.com, larmanino@fwhb.com, jcisneros@fwhb.com
Attorneys for Defendant. COSTCO WHOLESALE COPORATION

    ✓    **BY EMAIL or ELECTRONIC TRANSMISSION.** Pursuant to C.R.C. 2.251(c)(3) and/or an agreement of the parties to accept service by e-mail or electronic transmission in lieu of physical mail delivery, I caused the documents to be electronically sent to the persons at the e-mail addresses and/or facsimile numbers listed above. **The service of documents by electronic means will have the same effect as service by overnight delivery, i.e., two (2) days (see C.C.P. § 1010.6).** In each case, if the sender does not receive a notification that the particular e-mail has failed to be delivered, and/or the sending party receives a confirmation that the facsimile transmission is successful, <u>it shall be assumed that the e-service has been successful and service is deemed complete upon sending by electronic means</u>.   No physical copies will be served.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on the above date, at Los Angeles, California

    ✓    (State) I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

_____ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
GENNELLE RAMOS

-38-

**PLAINTIFF'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE'S FORM INTERROGATORIES, SET ONE**