UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCINDA NIEVES,<br><br>        Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>        Defendants. | Case No. 3:22-cv-00977-JD<br><br>**ORDER RE REMAND** |

Plaintiff Lucinda Nieves originally filed this lawsuit in the California Superior Court, County of Alameda, for injuries from a slip-and-fall incident at a Costco store in Hayward, California. Dkt. No. 1-1. The complaint alleges two California state law claims for negligence and premises liability against defendants Costco Wholesale Corporation ("Costco") and Costco store manager Kari Shields. Costco removed the action to this Court on diversity grounds. Dkt. No. 1. Nieves has asked for the case to be remanded to state court because she and Shields are citizens of California. Dkt. No. 12. Costco says that Shields should be disregarded for diversity purposes on fraudulent joinder grounds. Dkt. No. 13.

The motion is suitable for decision without oral argument. Dkt. No. 16. The case was removed improvidently and without jurisdiction, and is remanded to the Superior Court. 28 U.S.C. § 1447(c).

**DISCUSSION**

**I.    STANDARDS**

Costco removed this action to federal court invoking the Court's diversity jurisdiction. Dkt. No. 1 (notice of removal). Diversity jurisdiction arises when a plaintiff sues a citizen of a different state over an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). An out-

of-state defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* § 1441(a). A plaintiff may move to remand the action to state court if the case was improperly removed because of a lack of subject-matter jurisdiction. *Id.* § 1447(c). The defendant always "bears the burden of overcoming the strong presumption against removal jurisdiction," *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (internal quotation and citation omitted), and any doubt about removal weighs in favor of remand, *see Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014). Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

To exercise diversity-of-citizenship jurisdiction under Section 1332, complete diversity is required. That means each plaintiff must have a different citizenship from each defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). There is no dispute that Nieves and Shields are both citizens of California and thus lack diversity.[1] Dkt. No. 1-1 ¶¶ 1, 3; Dkt. No. 13 at 3; Dkt. No. 21 at 1 (¶ 3). Consequently, Costco can remove under Section 1332 only if it establishes that Shields was fraudulently joined. *See Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). If so, the presence of Shields as a non-diverse party can be disregarded and not counted against diversity jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The Court extensively discussed fraudulent joinder in *Geisse v. Bayer Healthcare Pharmaceuticals, Inc.*, No. 17-cv-07026-JD, 2019 WL 1239854 (N.D. Cal. Mar. 18, 2019), and the same principles fully apply here. In pertinent part, there is a "'general presumption against [finding] fraudulent joinder'" on top of the independent presumption against removal in all cases

---

[1] The complaint alleges that Nieves and Shields both reside in California. Dkt. No. 1-1 ¶¶ 1, 3. While "residency and domicile for citizenship are not, strictly speaking, always the same," the Court applies the "'longstanding principle' that 'the place where a person lives is taken to be his domicile until facts adduced establish the contrary.'" *Boone v. FCA US LLC*, No. 21-cv-01591-JD, 2021 WL 5331440, at *2 (N.D. Cal. Nov. 16, 2021) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016)). Because no such facts have been adduced, the allegations are sufficient to establish California citizenship for diversity jurisdiction.

1    under Section 1332, which imposes a particularly heavy burden on the defendant to prove. *Id.* at
2    *2 (quoting *Grancare*, 889 F.3d at 548) (alteration in *Grancare*) (internal citation omitted). A
3    defendant may establish fraudulent joinder by showing actual fraud in pleading jurisdictional
4    facts, or that the plaintiff failed to state a claim against the non-diverse defendant. *See id.* Under
5    the claim test, the action must be remanded if there is any possibility that a state court would find
6    that the plaintiff stated a cause of action against any non-diverse defendant. *See id.*

7    Our circuit has emphasized that a "possibility" means just that -- whether "there is a
8    '*possibility* that a state court would find that the complaint states a cause of action against any of
9    the [non-diverse] defendants.'" *Id.* (quoting *Grancare*, 889 F.3d at 549) (alteration and emphasis
10   in *Grancare*) (internal citation omitted). This is a lower standard than plausibility under Rule
11   12(b)(6) for failure to state a claim, and so the joinder of a non-diverse party will not necessarily
12   be deemed fraudulent even if the claim could be dismissed. *See id.* In effect, the "possibility"
13   standard is akin to the "'wholly insubstantial and frivolous standard for dismissing claims under
14   Rule 12(b)(1).'" *Id.* (quoting *Grancare*, 889 F.3d at 549-50). If there is any possibility above the
15   trivial or frivolous that the plaintiff can state a claim against the non-diverse defendant, "'the
16   federal court must find that the joinder was proper and remand the case to state court.'" *Id.*
17   (quoting *Hunter v. Philip Morris, USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

18   "The defendant has some leeway to present facts outside the complaint, but the complaint
19   is usually the best guide in determining whether joinder was fraudulent, and in any event the
20   defendant must prove fraudulent joinder by clear and convincing evidence." *Id.*; *see also*
21   *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

22   **II.    REMAND IS WARRANTED**

23   As these standards make clear, the question of a remand turns on the plausibility of
24   Nieves's state-law claims against Shields. In California, "'[t]he elements of a cause of action for
25   premises liability are the same as those for negligence.'" *Jones v. Awad*, 39 Cal. App. 5th 1200,
26   1207 (2019) (quoting *Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 998 (2013)). "The
27   essential elements for both negligence and premises liability are duty, breach, causation, and
28   damages." *Hassaine v. Club Demonstration Servs.*, 77 Cal. App. 5th 843, 850 (2022) (citing

3

*Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001)). A premises liability claim requires that the defendant have owned, possessed, or controlled the subject premises. *See Sabetian v. Exxon Mobil Corp.*, 57 Cal. App. 5th 1054, 1071 (2020). "When it comes to property, control is defined as the power to prevent, remedy or guard against the dangerous condition." *Colonial Van & Storage, Inc. v. Super. Ct.*, 76 Cal. App. 5th 487, 497 (2022) (internal quotations and citations omitted).

Costco says that Shields cannot be liable because she was on vacation on the day of the incident and thus lacked control over the store at that time. Dkt. No. 13-3 ¶¶ 5-6 (Shields Decl.). Costco cites a decision from the Central District of California for the proposition that "[s]tore manager liability applies only where the manager 'sufficiently controlled the property the day Plaintiff was injured.'" Dkt. No. 13 at 7 (quoting *Sell v. Cabral*, No. 20-cv-01008, 2020 WL 3577874, at *3 (C.D. Cal. June 30, 2020)) (emphasis omitted). But *Sell* did not discuss whether the defendant store manager was present on the day of the incident there, let alone hold that the manager's presence would be required for her to have exercised sufficient control.

It is not self-evident that the "acting general manager" of the store, Dkt. No. 13-3 ¶ 4, would have no control over the premises while on vacation. In fact, Shield's answer to the complaint admits Nieves's allegations that she (i) operated and managed the Costco store "at all times mentioned" in the complaint, Dkt. No. 1-1 ¶ 4; (ii) owed Nieves a duty to exercise reasonable care to discover any unsafe conditions on the premises, *id.* ¶ 16; and (iii) operated, maintained, and "otherwise controlled" the premises, *id.* ¶ 23. Dkt. No. 21 at 1-2 (¶¶ 4, 16, 23). These admissions indicate that Shields's vacation did not necessarily relieve her of all duties and responsibilities with respect to maintaining the store. *See Norcia v. Samsung Telecomms. Am., LLC*, No. 14-cv-00582-JD, 2014 WL 4652332, at *9 (N.D. Cal. Sept. 18, 2014) ("'Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them.'") (quoting *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)) (emphasis omitted).

On this record, the Court cannot conclude that there is no possibility that Shields may be liable on the claims in the complaint. Costco has not cited a case indicating that California law

4

would categorically foreclose store-manager liability under the circumstances presented here. Consequently, Costco has not met its heavy burden to show that Shields was fraudulently joined as a defendant.

## CONCLUSION

The complaint was removed improvidently and without jurisdiction, and is remanded to the Superior Court of California for the County of Alameda. 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: October 5, 2022

JAMES DONATO
United States District Judge